Case 4:22-cv-04474   Document 94   Filed on 11/14/25 in TXSD   Page 1 of 19

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Seventh Coast Ventures LLC, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action H-22-4474 |
| § | | |
| Xiamen Daysun Industrial Co., § | | |
| LTD, et al., § | | |
| *Defendants*. § | | |

**MEMORANDUM AND RECOMMENDATION
ON PLAINTIFF'S RENEWED MOTION FOR
ENTRY OF FINAL DEFAULT JUDGMENT**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 79. Pending before the court is Plaintiff's Renewed Motion for Entry of Final Default Judgment. ECF No. 85. The court recommends that Plaintiff's Renewed Motion for Entry of Final Default Judgment, ECF No. 85, be **GRANTED in part**.

## *1. Background*

This suit involves a design patent infringement claim between Seventh Coast Ventures LLC (SCV) and many defendants. ECF No. 1. SCV moves for entry of final default judgment against twenty-seven separate entities (collectively, Defendants).[1] ECF No. 85.

---

[1] A list of defaulting defendants is appended to this Memorandum and Recommendation. In the instant motion, SCV identifies thirty-one "Defaulting Defendants"—Does 3, 6, 7, 9, 12–18, 20, 22, 24–38, 42, 45 and 46 on "Schedule A" (ECF No. 1-6). ECF No. 85 at 5. The defendants listed as Does 35, 36, 37, and 38 were dismissed from the case on July 7, 2023. ECF No. 69. Accordingly, this order does not apply to those four defendants.

### *A. Defendants' Alleged Infringement*

SCV filed its Original Complaint on October 25, 2022, in the Western District of Texas. ECF No. 1. SCV's Complaint alleges that Defendants—either directly or indirectly through acts of contributory infringement or inducement—infringed upon its design patent ('167 Design Patent). ECF No. 1 ¶ 151. SCV's '167 Design Patent protects the ornamental design of its reflective hydration backpacks. *Id.* ¶ 150; *see also* SCV's '167 Design Patent, ECF No. 1-3 at 2.

According to SCV, Defendants, through Internet-based e-commerce stores and their respective Seller IDs, advertised, distributed, offered to sell, or shipped infringing hydration packs to Texas and throughout the United States. ECF No. 1 ¶¶ 10, 57, 75; Chudy Decl., ECF No. 10-1 ¶ 65. SCV alleges that Defendants' infringing hydration packs reproduce the main design features of the '167 Design Patent, such that the infringing products are the same as SCV's hydration packs "in all material respects." ECF No. 1 ¶ 151; ECF No. 1-1 at 13. The images below, included in SCV's Claim Chart, illustrate the similarities between the design-figure illustrations in the '167 Design Patent (left) and a representative sample of Defendants' infringing hydration packs (right). ECF No. 1-4 at 2–3.

  

SCV investigated the sale of Defendants' hydration packs on various internet webstores. Chudy Decl., ECF No. 10-1 ¶ 50. SCV viewed the allegedly infringing products, "add[ed] products to the online shopping cart, [and] proceed[ed] to a point of checkout." *Id.* ¶ 54; *see also* ECF Nos. 7-2, 7-3, 7-4, 7-5, 7-6, 7-7 (showing Defendants' infringing products listed for sale on various internet webstores). Then, SCV "placed certain test orders for products from certain Defendants via their e-commerce stores." ECF No. 10-1 ¶ 67. After receiving the test-order products in Texas, SCV "examined the products and determined that the products were counterfeit products that were not authorized by SCV." *Id.* ¶ 68.

SCV argues that Defendants' infringement causes SCV to suffer by way of lost profits, a decrease in "the size and value of [SCV's] legitimate marketplace and intellectual property rights," "erosion and destruction of the goodwill associated" with SCV's products, and direct and unfair competition with Defendants' unauthorized products. ECF No. 1 ¶¶ 64–68. It claims the "appearance of Defendants' individual seller stores in search engine results undermines [SCV's] efforts to educate consumers about the value of products sold under the" '167 Design Patent, which ultimately harms SCV and the consuming public. *Id.* ¶ 65, 77.

### B. Transfer to the Southern District of Texas and Subsequent Procedural History

In December 2022, the case was transferred to this court, under 28 U.S.C. § 1404(a). ECF No. 12 at 2. About two weeks later, the court authorized alternate service of process, allowing SCV to serve filings upon Defendants via e-mail and website posting. ECF No. 17 at 4. SCV served Defendants with the Complaint and summons accordingly. *See* ECF Nos. 20, 21, 24, 37.

On January 9, 2023, the court granted SCV's request for a temporary restraining order against forty-three of the entities

listed on "Schedule A" (ECF No. 1-6), including twenty-six of the Defendants.[2] ECF No. 18. Among other provisions, the TRO barred use of Defendants' financial accounts and the '167 Design Patent.

Following a March 2023 preliminary injunction hearing, the court determined that "the temporary restraints previously granted in the TRO should remain in place through the pendency of this litigation and that issuing [a] Preliminary Injunction [was] warranted under Federal Rule of Civil Procedure 65." ECF No. 64 at 3. The court specifically "determine[d] that the Defendants are selling or offering to sell products that infringe on" the '167 Design Patent, and that SCV would "suffer irreparable harm if the injunction [was] not granted." *Id.* at 2–3. The court granted Plaintiff's Motion for Preliminary Injunction (ECF No. 10) on May 24, 2023. *Id.*

### C. Defendants' Default and SCV's Motions for Entry of Final Default Judgment

To date, none of the Defendants have filed an appearance, answered the Complaint, or otherwise responded to this litigation. On September 3, 2024, the Clerk entered default against Defendants. ECF No. 77.

SCV filed a Motion for Entry of Final Default Judgment on April 16, 2024. ECF No. 76. Six months later, SCV filed its first Renewed Motion for Entry of Final Default Judgment "because more than 90 days ha[d] expired since the original [motion's] filing[.]" ECF No. 78 at 1 n.1. The two motions were identical.

On April 9, 2025, the case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 79. Because SCV failed to properly serve the motions on Defendants, the undersigned recommended denial of SCV's Renewed Motion

---

[2] The fact that Wei Ling Tech (Shenzhen Ronghuafigui E-commerce Co., LTD.)—the party substituted in-place of the original Doe 45 (ECF No. 49)—was not included in the TRO is immaterial to the court's instant analysis.

4

for Entry of Final Default Judgment, ECF No. 78, without prejudice to refiling, and denial of SCV's Initial Motion for Entry of Final Default Judgment, ECF No 76, as moot. ECF No. 84. On August 25, 2025, the court adopted the undersigned's Memorandum and Recommendations in full. ECF No. 90.

On August 18, 2025, SCV filed the instant motion—its second Renewed Motion for Entry of Final Default Judgment. ECF No. 85. It is identical in content to SCV's two prior motions for default judgment. On September 24, 2025, the court entered an order explaining that Defendants still had not properly been served and ordered SCV to file proof of service by October 8, 2025. ECF No. 90. On September 30, 2025, SCV filed proof that it complied with Local Rule 5.5 and the court's order authorizing alternative service of process. ECF Nos. 91, 92. SCV sent a copy of its Motion for Default Judgment to Defendants via the email addresses associated with Defendants' e-commerce stores. ECF No. 92-3. SCV also publicly posted a copy of the documents in this case, including the instant motion, on its designated website. ECF No. 92-1 at 2.

Accordingly, the court considers SCV's motion for default judgment under Federal Rule of Civil Procedure 55(b). ECF No. 85 at 5. SCV moves the court to enter final default judgment against Defendants. *Id.*

### 2. *Legal Standards and Analysis*

Judgment by default is a drastic remedy that is disfavored by the court. *Charlton L. Davis & Co. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *see also Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In consideration of a motion for default judgment "against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."

5

*Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).

The court has subject matter jurisdiction over this case. SCV asserts a claim of design patent infringement under 35 U.S.C. § 271, which grants the court federal question jurisdiction. 28 U.S.C. § 1331; *id.* § 1338.

Additionally, the court has personal jurisdiction over the parties. Federal Circuit law governs the jurisdictional issue because it "is 'intimately involved with the substance of the patent laws.'" *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008)). Though Defendants reside or operate in foreign jurisdictions, the court can exercise personal jurisdiction over Defendants because they advertised, distributed, offered to sell, or shipped products to Texas, including to this district, and throughout the United States. ECF No. 1 ¶¶ 10, 52–58; Chudy Decl., ECF No. 10-1 ¶ 65; *see also Whirlpool Corp. v. Individuals, P'ships, & Unincorporated Ass'ns that Own or Operate www.dfilters.com,* No. 21-398, 2022 WL 1811372, at *2 (E.D. Tex. June 2, 2022); *EyeVac, LLC v. VIP Barber Supply, Inc.*, No. 22-902, 2024 WL 1556457 (W.D. Tex. Apr. 10, 2024), *R. & R. adopted*, 2024 WL 2064074 (W.D. Tex. May 7, 2024).

Once the court is satisfied of its jurisdiction over the subject matter and the parties, the court must determine: (1) if a default judgment is procedurally appropriate; (2) if the plaintiff has presented a colorable claim; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, No. 17-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020).

### *A. Default Judgment is Procedurally Appropriate*

To determine whether a motion for default judgment is procedurally appropriate, the court must consider relevant factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Here, the grounds for default are clearly established. The court authorized alternate service of process via email and by public posting on Plaintiff's designated website. ECF No. 17. SCV served Defendants with the Complaint, summons, instant motion, and other documents in a manner consistent with the court's order. *See* ECF Nos. 20, 21, 24, 37, 50, 91, 92. Defendants have not answered or otherwise responded. The Clerk appropriately entered default against Defendants. *See* ECF No. 77.

There is no evidence that there is an issue of material fact. There is no evidence that the Defendants' default was caused by good faith mistake or excusable neglect. And there is no evidence that entering a default judgment would substantially prejudice Defendants. SCV, on the other hand, has established that it suffers substantial prejudice—in the form of lost profits, increased costs, and destruction of business goodwill—from Defendants' ongoing violations of law. ECF No. 85 ¶¶ 65–68, 83.

Though Defendants were properly served in accordance with the court's order for alternative service, they appear to have ignored this lawsuit entirely. In these circumstances, default

judgment is not unduly harsh. The court sees no reason that it would later be obliged to set aside the default.

All six *Lindsey* factors weigh in favor of finding that default judgment is procedurally appropriate. Accordingly, the court turns to the question of whether SCV has presented a colorable claim.

### *B. Colorable Claim to Enter Default Judgment*

An entry of default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

SCV alleges that Defendants have committed, and continue to commit, either direct patent infringement or indirect patent infringement, through contributory infringement or inducement, in violation of 35 U.S.C. § 271. ECF No. 1 ¶ 151. SCV's well-pleaded factual allegations present a colorable claim for direct infringement, but not for indirect infringement.

#### *i. Direct Infringement*

SCV's well-pleaded factual allegations present a colorable claim for direct patent infringement under 35 U.S.C. § 271(a). An actor is liable for direct infringement when, without authority, they "make[], use[], offer[] to sell, or sell[] any patented invention, within the United States or import[] into the United States any patented invention during the term of the patent . . . ." 35 U.S.C. § 271(a). A defendant's mental state is not relevant to a claim under Section 271(a). *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (holding that direct infringement is a strict-liability offense).

8

SCV alleges that it owns all rights in and to the '167 Design Patent, which was valid and unexpired as of the time of filing. ECF No. 1 ¶¶ 48, 150. SCV states that it has not granted permission to Defendants to use the '167 Design Patent, in whole or in part, at any time. *Id.* ¶ 98. SCV alleges that "Defendants have infringed and continue to infringe the '167 Design Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing, and/or offering to sell infringing products." *Id.* ¶ 151. SCV states that Defendants' products are the same "in all material respects" as SCV's products produced under the '167 Design Patent. *Id.* ¶ 152.

Accepting SCV's well-pleaded factual allegations as true, SCV has presented a colorable claim for direct patent infringement under 35 U.S.C § 271(a).

### *ii. Indirect Infringement*

SCV's Complaint does not present a colorable claim for indirect infringement. "Indirect infringement" is a collective term used to refer to inducement infringement and contributory infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). To sufficiently plead a claim for indirect infringement, the plaintiff "must plead facts plausibly showing that the accused infringer 'specifically intended [a third party] to infringe [the patent] and knew that the [third party]'s acts constituted infringement.'" *Id.* (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). When a plaintiff fails to "allege facts sufficient to allow an inference that another party directly infringed, . . . there is no basis in the pleadings for default judgment on [plaintiff's] indirect infringement claims." *EyeVac,* 2024 WL 1556457, at *4.

9

Here, SCV did not plead facts sufficient to allow the inference that some third party, other than the Defendants, directly infringed on its '167 Design Patent. Therefore, SCV has not presented a colorable claim for indirect infringement, in the form of either inducement infringement or contributory infringement.

### C. Calculation of Damages

After the court determines that default judgment is both procedurally appropriate and that plaintiff has presented a colorable claim, the court must determine whether plaintiff is entitled to damages in the form of compensation or equitable relief. *Vela*, 2020 WL 421188, at *1.

Here, SCV requests (1) the entry of a permanent injunction under 35 U.S.C. § 283, (2) an award of statutory damages in the amount of $250, trebled to $750, for each of the Defendants under 35 U.S.C. §§ 284 and 289, and (3) an award of SCV's costs and reasonable attorneys' fees under 35 U.S.C. § 285. ECF No. 85 at 6.

### i. Permanent Injunction

SCV moves for permanent injunction under 35 U.S.C. § 283. ECF No. 85 at 6. The court is authorized to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. To obtain injunctive relief, the patent holder must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The court finds that SCV has established that is has suffered, and will continue to suffer, irreparable injury if an injunction is not issued. SCV has chosen not to license its '167 Design Patent. ECF No. 1 ¶ 50. SCV's exclusive ownership of its patent gives it the right to exclude all others from using the design. Despite this, SCV has not succeeded in restraining Defendants' infringement of its patent. Defendants' continuous and persistent infringement of the patent has caused irreparable injury to SCV's established reputation and business goodwill.

Given Defendants' default in this action, there is no evidence that monetary damages alone will prevent future infringement. The threat of continued infringement exists, and future damages cannot be calculated. Without the court's issuance of a permanent injunction, SCV would likely be forced to engage in repeated litigation against Defendants.

There is no evidence that Defendants will experience more than minimal hardship by being enjoined. Defendants face the "hardship" of no longer being able to sell and market the infringing products. The irreparable injury that SCV faces in the absence of a permanent injunction weighs heavily in favor of granting injunctive relief.

The public interest will not be disserved by issuance of a permanent injunction. Entry of a permanent injunction "protect[s] patent rights and enforce[es] the applicable laws," which best serves the public interest. *See MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, 505 F. Supp. 2d 359, 379–80 (S.D. Tex. 2007) (citing *Abbott Laboratories v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006)). As SCV asserts, "Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during[,] and after the time of purchase." ECF No. 85 ¶ 90. "[T]he consuming public will continue to be harmed" in this manner if Defendants are not permanently

enjoined. *Id.* ¶ 89. Accordingly, issuance of a permanent injunction in this case serves the public interest by protecting patent rights, enforcing applicable laws, and reducing further injury to the consuming public.

The court finds that all of the *eBay* factors weigh in favor of granting a permanent injunction. Therefore, the court recommends issuance of a permanent injunction. Under the permanent injunction, Defendants should be enjoined from use of SCV's '167 Design Patent and restrained from generating additional profits from their past, current, or future infringement of SCV's '167 Design Patent. Additionally, the permanent injunction should require the internet marketplace platforms that host Defendants' internet stores (Alibaba, Aliexpress, Amazon, and Walmart) to (1) permanently remove from Defendants' internet stores all listings and associated images of goods that infringe on SCV's '167 Design Patent, and (2) destroy all of Defendants' infringing goods within their possession.

### *ii. Statutory Damages*

SCV asks for a statutory damages award of $750 for each of the twenty-seven defaulting Defendants—an award of $250 under 35 U.S.C. § 289, trebled to $750 under 35 U.S.C. § 284. ECF No. 85 at 6. Section 284 provides that in a case of patent infringement, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer . . . ." 35 U.S.C. § 284. In cases involving design patent infringement, Section 289 provides for an award of damages up "to the extent of [the infringer's] total profit, but not less than $250 . . . ." 35 U.S.C. § 289. "The awarding of damages involves a subtle judicial function[, and] the statute allows considerable

12

latitude." *John Zink Co. v. Nat'l Airoil Burner Co.*, 613 F.2d 547, 559 (5th Cir. 1980).

SCV elects statutory damages and requests that the court grant damages in the amount of $250 for each design patent infringement claim under Section 289. ECF No. 85 at 12. The court found above that each of the twenty-seven Defendants engaged in direct infringement of SCV's '167 Design Patent under 35 U.S.C. § 271(a). This finding is sufficient to justify the award of statutory damages to SCV, in the amount of $250 for each of the twenty-seven Defendants.

The court next considers SCV's request that the court treble the minimum statutory award to $750 for each of the defaulting Defendants. ECF No. 85 at 12. Under Section 284, the court may award enhanced damages in an amount "up to three times the amount found or assessed." 35 U.S.C. § 284. Enhanced damages may be awarded only in "egregious cases" of patent infringement, "typified by willful misconduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).

SCV alleges that Defendants engaged in willful infringement. ECF No. 1 ¶ 154. "To establish willful patent infringement, a plaintiff must show that the defendant '(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *EyeVac,* 2024 WL 1556457, at *4 (quoting *Parity Networks, LLC v. Cisco Sys.*, No. 19-207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019)).

SCV pleads that, "[u]pon information and belief, at all times relevant hereto, Defendants . . . had full knowledge of [SCV's] ownership of . . . the ['167] Design Patent." ECF No. 1 ¶ 86; *see also* ECF No. 1 ¶ 154. However, SCV's Complaint contains no facts to support the allegation made "upon information and belief."

13

SCV pleads that its products and its website contain a Patent Notice to inform of the patented design. *Id.* ¶ 49; Chudy Decl., ECF No. 10-1 ¶ 46. Despite this, at no time has SCV asserted that Defendants saw its Patent Notice or otherwise obtained actual knowledge of its patent. Accepting SCV's allegations as true, SCV has not pleaded facts sufficient to establish a finding of willful patent infringement by Defendants. Therefore, the court declines to award treble damages under 35 U.S.C. § 284.

Even if SCV allegations were sufficient to establish a finding of willful patent infringement, the court would exercise its discretion to decline the award of treble damages in this case. *See In re Seagate Tech, LLC*, 498 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc) ("[A] finding of willfulness does not require an award of enhanced damages; it merely permits it."). SCV did not proffer any evidence to support the conclusion that Defendants intentionally copied SCV's patent; that SCV informed Defendants of their infringement before filing this lawsuit; or that, once Defendants received notice through service of SCV's Complaint, Defendants failed to investigate the scope of SCV's patent. *See Pat. Category Corp. v. Happy Camper, Inc.*, No. 10-7573, 2011 WL 13217702, at *5 n.30 (C.D. Cal. Dec. 31, 2011) (citing *In re Hayes Microcomputer Prods., Inc. Pat. Litig.*, 982 F.2d 1527, 1543 (Fed. Cir. 1992) (detailing factors used to assess a defendant's willfulness and a plaintiff's entitlement to treble damages)).

Accordingly, the court recommends that SCV be awarded statutory damages under 35 U.S.C. § 289 in the amount of $250 for each of the twenty-seven Defendants, for a total statutory damages award of $6,750.

### iii. Attorney's Fees and Costs

The court may award reasonable attorneys' fees in "exceptional cases." 35 U.S.C. § 285. "[A]n 'exceptional' case is

simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The court makes a case-by-case determination considering the totality of circumstances, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations . . . identified." *Octane Fitness*, 572 U.S. at 554 (internal quotations omitted). The prevailing party must prove the case is exceptional by preponderance of the evidence. *Id.* at 557.

        This is an exceptional case. Defendants failed to appear and defaulted after receiving proper service and notice of SCV's Complaint, the court's entry of a temporary restraining order, the court's entry of preliminary injunction, and the instant motion for default judgment. Though the court did not find that Defendants' infringement constituted willful patent infringement (because SCV did not sufficiently plead facts to establish that Defendants knew about the '167 Design Patent), Defendants' infringing products are close replicas of SCV's hydration products. Defendants profited from their direct infringement of SCV's '167 Design Patent, posed competition to SCV by offering their infringing products to domestic consumers, caused SCV to lower its prices, and harmed SCV's profitability, reputation, and goodwill. The court has no basis upon which to find that Defendants' actions were reasonable. Under these circumstances,

to advance the considerations of compensation and deterrence, the court finds that an award of reasonable attorneys' fees is warranted.

In addition to attorneys' fees, SCV seeks recovery of the clerk's filing fee of $402. ECF Nos. 85 at 14, 85-3 at 30. Fees of the clerk are recoverable. 28 U.S.C. § 1920(1). Accordingly, the court awards costs of $402 to SCV.

SCV asks the court to hold Defendants jointly and severally responsible for its attorneys' fees and costs. ECF No. 85 at 14–15. "A court may hold defendants jointly and severally liable for attorneys' fees and costs if the plaintiff claims a 'single indivisible injury' and such liability would not lead to inequitable results." *Vela*, 2020 WL 421188, at *4 (quoting *Walker v. U.S. Dep't Hous. & Urb. Dev.*, 99 F.3d 761, 772 (5th Cir. 1996)). "In making this determination, courts also consider whether the defendants played a substantial role in the litigation." *Id.* (internal quotations omitted). However, defendants must act in concert as tortfeasors for joint and several liability to apply. *Id.* (imposing joint and several liability because defaulting defendants were "joint employers" under the FLSA); *see also Motionware Enters., Inc. v. Individuals, Bus. Entities*, No. 22-1225, 2024 WL 390385, at *1 (W.D. Tex. Feb. 1, 2024) (refusing to impose joint and several liability for attorney's fees where there was no showing that defaulting defendants "acted in concert to produce a single, indivisible injury").

In the instant motion, SCV alleges that Defendants' actions have caused it to experience collective harm, so Defendants should be jointly and severally responsible for its attorneys' fees and costs. ECF No. 85 at 14. Puzzlingly, in the instant motion, SCV also states that "there are no allegations of joint liability" and "[t]here are multiple defendants but no allegations of joint and several liability with respect to the damages alleged." ECF No. 85 at 5, 8.

16

At no point does SCV allege that Defendants acted in concert to infringe on SCV's '167 Design Patent and cause SCV's injury. Accordingly, because the court does not find that Defendants acted in concert to produce SCV's injury, the court does not find that Defendants are jointly and severally liable for SCV's attorneys' fees and costs.

The court recognizes that SCV acted with great efficiency in prosecuting this case. SCV greatly reduced the potential fees and costs by prosecuting all twenty-seven of the Defendants together, as many of the fees, such as the $402 filing fee, would have been incurred in a case against an individual defendant. However, SCV's attorneys' billing records reflect a number of entries that apply solely to one defendant or to small groups of defendants. *E.g.*, ECF No. 85-3 at 8 ("6 emails sent/reviewed regarding Amazon seller Kuyou Sports . . . for settlement purposes only (0.90 hrs)"); ECF No. 85-3 at 13 ("Notice of Voluntary Dismissal (DOE 40 ["eniecuangomall"]) edited and reviewed (0.30 hrs)").[3] The court is unable to apportion SCV's attorneys' fees and costs without additional briefing.

Within fourteen days from service of this Memorandum and Recommendation, SCV shall submit a motion for attorneys' fees. In its motion, SCV shall explain how the court should apportion attorneys' fees and costs amongst Defendants.

### 3. Conclusion

The court recommends that Plaintiff's Motion for Default Judgment, ECF No. 85, be **GRANTED in part**.

---

[3] The court notes that SCV voluntarily dismissed its claims against eniecuangomall on February 20, 2023, and Kuyou Sports on April 6, 2023. ECF Nos. 30, 48, 57. Eniecuangomall and Kuyou Sports are not included in the list of twenty-seven Defendants against which SCV seeks default judgment.

17

Based on the evidence of record, the court recommends that Plaintiff be awarded a permanent injunction and statutory damages under 35 U.S.C. § 284 in the amount of $6,750.

Under the permanent injunction, Defendants should be enjoined from use of SCV's '167 Design Patent and restrained from generating additional profits from their past, current, or future infringement of SCV's '167 Design Patent. Additionally, the permanent injunction should require the internet marketplace platforms that host Defendants' internet stores to (1) permanently remove from Defendants' internet stores all listings and associated images of goods that infringe on SCV's '167 Design Patent, and (2) destroy all of Defendants' infringing goods within their possession. Details of the permanent injunction will be set forth more fully in the court's final judgment.

Within fourteen days from service of this Memorandum and Recommendation, the parties are **ORDERED** to file a proposed form order for final default judgment, incorporating the undersigned's recommendations herein, for the Honorable Alfred H. Bennett's consideration.

While the court also recommends that SCV be awarded its reasonable attorneys' fees, as well as costs in the amount of $402, at this time, the court is unable to determine the value of attorneys' fees to which SCV is entitled, as well as the proper apportionment of attorneys' fees and costs amongst Defendants.

Accordingly, within fourteen days from service of this Memorandum and Recommendation, SCV shall submit a motion for attorneys' fees. In its motion, SCV shall explain how the court should apportion attorneys' fees and costs amongst Defendants. The award of fees and costs shall be made by a separate post-judgment order, as is permitted by Federal Rule of Civil Procedure 54(d)(2)(B).

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 14, 2025.

_____
Peter Bray
United States Magistrate Judge